## ROOFIRE ALARM COMPANY
### v.
## UNDERWRITERS' LABORATORIES, INC.

### Civ. A. No. 3248.

United States District Court
E. D. Tennessee, S. D.

June 18, 1959.

John A. Chambliss, Chattanooga, Tenn., for plaintiff.

Miller, Martin, Hitching & Tipton, Chattanooga, Tenn., for defendant.

DARR, Chief Judge.

This is a declaratory judgment suit filed by Roofire Alarm Company, the licensee of a patented fire alarm device, against the Underwriters Laboratories, Inc. Both parties have filed motions for summary judgment, the defendant on broad, general lines and the plaintiff as to whether the defendant is properly fulfilling the obligations set out in its certificate of incorporation. Rule 56(c), Federal Rules of Civil Procedure, 28 U.S. C.A., provides that a judgment shall be rendered provided that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. In the present case no genuine issue of fact appears to exist.

The defendant Underwriters' Laboratories is a non-profit corporation organized by and for the stock fire insurance companies of the United States, and one of its functions is to test fire warning devices and make reports on the results of such tests. A portion of the certificate of incorporation, relating to the objects and purposes of the corporation, reads as follows:

"By scientific investigation, study, experiments, and tests, to determine the relation of various materials, devices, constructions, and methods to life, fire, and casualty hazards, and to ascertain, define, and publish standards, classifications, and specifications for materials, devices, constructions, and methods affecting such hazards, and other information tending to reduce and

prevent loss of life and property from fire, crime, and casualty."

The plaintiff alleges that "this charter obligation and the reputation of the defendant have developed an occupation and course of conduct affected with a public interest," and then asserts that the defendant has an obligation to be reasonable with and not discriminate against the plaintiff.

The device of the plaintiff consists of two carbon dioxide filled capsules enclosed in a metal tube with crimped ends. When heated, the capsules explode, thereby warning people in the vicinity. This device was presented to the defendant for testing, and was found not to meet their standards for single station fire alarms. One requirement which this device failed to meet was that "the warning sound continue for at least three minutes at full intensity." Apparently the plaintiff feels that this requirement is unreasonable, and that this Court should so determine, and require the defendant to change its requirements. This the Court declines to do.

■ The defendant is not the only testing laboratory available to the plaintiff. Approval by the defendant is not available as of right, and the defendant—or another such laboratory—could arbitrarily refuse to even test any device without necessarily incurring liability. As pointed out in Underwriters' Laboratories v. Com'r of Int. Revenue, 7 Cir., 135 F.2d 371, the defendant is a business league formed to perform services ordinarily conducted for profit. It is clearly not established for public welfare, but for private gain—not to pay dividends to stockholders, but to benefit qualifying manufacturers and insurance companies (its "stockholders") through reduced fire losses.

■■ By limiting its approval of devices and by directly or impliedly indicating that unapproved devices may be less desirable to buyers of such devices, it has made its approval a desirable and financially rewarding goal. To require it to approve a device, and to lower, or

change, its standards would, to some degree, decrease the desirability of the goal. It is not a function of the courts to interfere with the internal workings of corporations in exercising their discretion within legal limits, and the establishment of the standards which are here involved is an internal operation that does not violate any known public policy.

In the present case the defendant examined the plaintiff's device, and declined to accept it for a clear failure to meet the standards set by the defendant. The standards set do not appear to this Court to be so unreasonable as to justify the entry of a declaratory judgment for the plaintiff.

The plaintiff's motion is denied. The defendant's motion for a summary judgment in its favor is granted, and the suit dismissed with prejudice.

Order accordingly.